UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN RHODES,

    Plaintiff,

v.                          Case No. 8:16-cv-895-T-33UAM

EVER-GREEN EXPRESS SERVICE, INC.,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court *sua sponte*. Defendant Ever-Green Express Service, Inc. was served on April 22, 2016. (Doc. # 6). As such, Ever-Green's response to the Complaint was due no later than May 13, 2016. See Fed. R. Civ. P. 12(a)(1)(A). Because no response was filed within the allotted time and Plaintiff Steven Rhodes had not applied for Entry of Clerk's Default, the Court entered a show cause Order on May 17, 2016. (Doc. # 7). Rhodes applied for Entry of Clerk's Default on May 17, 2016. (Doc. # 8).

    Also on May 17, 2016, the Clerk's Office received a letter written on behalf of Ever-Green by Karen S. Barry that was addressed to Rhodes' counsel. Notably, Barry is not counsel for Ever-Green. See (Doc. # 11 at 1). The letter was not docketed by the Clerk's Office until May 20, 2016. (Doc.

1

# 11). On May 18, 2016, Entry of Default was entered against Ever-Green. (Doc. # 10). Since then, counsel for Ever-Green has not filed a notice of appearance. Nor has Ever-Green moved to set aside the Entry of Default. Ever-Green has, however, filed its own Motion for Default. (Doc. # 13).

A long line of cases hold that corporate entities may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (stating, "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Furthermore, the Court's own rule, Local Rule 2.03(e), explicitly prohibits a corporation from being heard in this Court without counsel.

Because the Construed Answer was not filed by an attorney admitted to practice in this Court, it is due to be stricken. Accordingly, Rhodes' Motion to Strike is denied as moot. In addition, just as with the Construed Answer, Ever-Green's Motion for Default is stricken because a corporate entity such as Ever-Green cannot proceed *pro se*.

Furthermore, technically Ever-Green is in default. However, in the interests of justice and in light of the fact that Ever-Green has expressed some intention of defending against the instant action, the Court vacates the Entry of

Default. Ever-Green has until and including June 27, 2016, to retain counsel and have said counsel file a notice of appearance with this Court. If, after June 27, 2016, counsel has not filed a notice of appearance on behalf of Ever-Green, the Court will entertain a second application for entry of default.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Ever-Green Express Service, Inc.'s Construed Answer (Doc. # 11) is **STRICKEN.**

(2) Plaintiff Stephen Rhodes' Motion to Strike (Doc. # 12) is **DENIED AS MOOT.**

(3) Defendant Ever-Green Express Service, Inc.'s Motion for Default (Doc. # 13) is **STRICKEN.**

(4) The Entry of Default (Doc. # 10) is **VACATED.**

(5) Defendant Ever-Green Express Service, Inc. has until and including June 27, 2016, to have counsel file a notice of appearance with this Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE